## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **SETH STAVER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION FILE** |
| **v.** | * | **NO:** _____ |
| | * | |
| **SAMUEL T. CLARK and CLARK** | * | |
| **AMBULANCE SERVICE, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

### COMPLAINT FOR DAMAGES PURSUANT TO THE
### FAIR LABOR STANDARDS ACT
### AND DEMAND FOR JURY TRIAL

COMES NOW Seth Staver (hereinafter referred to as "Plaintiff Staver"), by and through his attorney of record, H. L. Cromartie, III, Esq., H.L. Cromartie, III, P.C., P.O. Box 1897, Rome, Georgia, 30162-1897, and files this complaint against Samuel T. Clark (hereinafter referred to as "Defendant Clark") and Defendant Clark Ambulance Service, Inc. (hereinafter referred to as "Defendant Clark Ambulance"), pursuant to provisions of the Fair Labor Standards Act (29 U.S.C.A. Section 201 et seq. ("the Act"), and shows this Court as follows:

### INTRODUCTION

This action is brought by Seth Staver, a non-exempt medical transport driver, who was terminated by Defendants Clark and Clark Ambulance Service on

October 12, 2010. The Plaintiff seeks an award of back pay, lost wages, liquidated damages, and attorney's fees and other appropriate relief for Defendant's violations of the Act.

## JURISDICTION

### 1.

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C.A. Section 1331 (federal question), Section 1337 (commerce), and 29 U.S.C.A. Section 216(b) (Fair Labor Standards Act).

## VENUE

### 2.

Venue is properly lodged in this judicial district and division pursuant to 28 U.S.C.A. Section 1391(b) because Defendants either reside or transact business in the Northern District of Georgia and the unlawful employment practices alleged herein were committed in the Northern District of Georgia, Rome Division.

## PARTIES

### 3.

Plaintiff Seth Staver is a United States citizen.

4.

Defendant Samuel T. Clark is the CEO of Clark Ambulance Service, Inc. located in Hiram, Paulding County, Georgia. Service of the Summons and Complaint can be provided to Defendant Clark by serving same upon Defendant Clark at his office address of 4373 Atlanta Highway, Hiram, Georgia 30141.

5.

Defendant Clark Ambulance Service, Inc. is a Georgia corporation registered and doing business in Hiram, Paulding County, Georgia. Service of the Summons and Complaint can be provided to Defendant Clark Ambulance by serving same upon Defendant Clark Ambulance's registered agent, Samuel T. Clark, at his office address of 4373 Atlanta Highway, Hiram, Georgia 30141.

## FACTUAL ALLEGATIONS

6.

The allegations set forth in paragraphs 1 through 5 are incorporated herein by reference.

7.

Plaintiff Staver is an employee within the meaning of "the Act." 29 U.S.C.A. Section 203(e) (2) (C).

3

8.

Defendant, Samuel T. Clark is an employer within the meaning of "the Act."
29 U.S.C.A. Section 203(d).

9.

Defendant, Clark Ambulance Service, Inc. is an employer within the
meaning of "the Act." 29 U.S.C.A. Section 203(d).

10.

For over twenty-one weeks, Plaintiff Staver was employed as a non-
emergency medical transport driver during which time he was routinely forced to
work in excess of forty (40) hours during his work cycle without overtime
compensation as mandated by the Act.

11.

Plaintiff Staver, while functioning as a medical transport driver, was
deprived overtime compensation while compiling "hours worked" in excess of
eighty (80) hours per week within a seven day work period in violation of the Act.

12.

Plaintiff Staver should have received overtime compensation for all hours
worked in excess of forty (40) hours during his respective seven day work period
during his employment with Defendant Clark from May 14, 2010 through October

4

12, 2010, since all such hours were primarily for the benefit of his employers, Defendants Clark and Clark Ambulance, which is the proper test under the Act.

13.

Defendants Clark and Clark Ambulance have refused, and continue to refuse, to compensate Plaintiff for overtime pay when the employee can prove "legitimately worked hours" which is a violation of the proper standard and/or test under the Act.

14.

As part of the Plaintiff's position as a medical transport driver, he was required to be "on-call" twenty-four hours a day, seven days a week. Plaintiff was also required to be within close proximity of his employer, including on nights and weekends.

15.

Plaintiff Staver was paid a flat salary of $2,600.00 per month by Defendant during the employment period of May 14, 2010 through October 12, 2010.

16.

Plaintiff Staver contends that his monthly salary of $2,600.00 yields an average hourly rate based upon forty (40) hours of $15.00 per hour. Therefore, Plaintiff contends his overtime rate would be $22.50 per hour.

5

17.

Plaintiff Staver contends that he worked for Defendants in excess of eighty (80) hours per week during the employment period of May 14, 2010 to October 12, 2010, which therefore entitles him to at least $19,350.00 in overtime pay.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATION

18.

The allegations set forth in paragraphs 1 through 17 are incorporated herein by reference.

19.

Plaintiff Staver is a member of the class of employees protected by the Fair Labor Standards Act., 29 U.S.C.A. Section 201 et seq. ("the Act").

20.

Plaintiff Staver has performed substantial overtime work during the period of May 14, 2010, through October 12, 2010, and is entitled to overtime compensation for such time period, along with liquidated damages equal to the overtime compensation to which he is entitled of at least $19,350.00. 29 U.S.C.A. Section 216(b).

21.

Defendants violated the Act willfully, and the Act allows for recovery of unpaid wages and overtime compensation for three years preceding the filing of the Complaint in the case of a willful violation. 29 U.S.C.A. Section 255.

22.

Plaintiff Staver also claims the costs of this action and attorney's fees pursuant to 29 U.S.C.A. Section 2l6(b).

## COUNT II

## RETALIATION AND ILLEGAL TERMINATION

23.

The allegations set forth in paragraphs 1 through 22 are incorporated herein by reference.

24.

Plaintiff was illegally terminated in retaliation for complaining about Defendants' violations of the Act and for his refusal to violate the Act for which he is entitled to damages in an amount equal to the lost wages which he sustained subsequent to the termination.

**WHEREFORE,** Plaintiff Staver prays for the following relief against the Defendants:

a.   That Plaintiff be awarded back pay and liquidated damages for Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C.A. Section 201 et seq.;

b.   That Plaintiff recover attorney's fees and all costs of pursuing this action, as provided by 29 U.S.C.A. 216(b);

c.   That Plaintiff be awarded lost wages for the period of time that he sustained same as a result of his illegal termination by Defendants in retaliation for Plaintiff's complaints regarding Defendants violations of the Fair Labor Standards Act and Plaintiff's refusal to violate said Act; and

d.   For such other and further relief as this Court may deem appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff SETH STAVER hereby demands a trial by jury.

This _/_/__ day of October, 2012.

Respectfully submitted,

**H.L. CROMARTIE III, P.C.**

BY:
H. L. Cromartie, III
Attorney for Plaintiff Staver
Georgia State Bar No.: 197190

P. O. Box 1897
401 Broad Street, Suite 300
Rome, Georgia 30162-1897
(706) 802-0251
(706) 802-0252 (Facsimile)